**TIFFANY & BOSCO, P.A.**
Krista J. Nielson, Esq.
Nevada Bar No. 10698
Stacy H. Rubin, Esq.
Nevada Bar No. 9298
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB File No. 21-71703

Attorneys for *Secured Creditor* Guild Mortgage Company LLC

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | BK Case No. 21-50695-nmc |
| CAROLINA FLORES TT, | Chapter 13 |
| Debtor. | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |

### OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN

Guild Mortgage Company LLC ("Creditor"), Secured Creditor in the above-entitled Bankruptcy proceeding, hereby submits the following Objection to Confirmation of Chapter 13 Plan ("Objection") proposed by the Debtor, Carolina Flores TT ("Debtor").  This Objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

### I.    STATEMENT OF FACTS

Creditor's claim is evidenced by a promissory note executed by Debtor and Katherine M. Johns and dated November 21, 2018, in the original principal sum of $258,990.00 (the "Note").  The Note is secured by a deed of trust (the "Deed of Trust") encumbering the real property commonly known as 429 15th St, Sparks, NV 89431.  Together, the Note and Deed of Trust are collectively referred to hereafter as the "Loan".

1

Creditor is in the process of finalizing its proof of claim for this matter and estimates that its total secured claim is in the approximate amount of $288,273.52 and that its pre-petition arrearage claim is in the approximate amount of $41,097.43.

On October 18, 2021, the Debtor filed their Chapter 13 Plan (the "Plan") providing for monthly payments to the Trustee in the total amount of $5,220.00 over thirty-six (36) months. The Debtor's Plan provides that the Debtor will sell the Subject Property by May 30, 2022 and does not provide for any ongoing monthly payments or any provision for the cure of Creditor's pre-petition arrears in the approximate amount of $41,097.43.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtor.

## II.    ARGUMENT

The provisions of 11 United States Code ("U.S.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. <u>Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)</u>, 89 B.R. 87, 93 (9th Cir. BAP 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

A.    **THE PLAN FAILS TO PROMPTLY CURE CREDITOR'S PRE-PETITION ARREARS AS REQUIRED UNDER 11 U.S.C. §1322(b)(5).**

Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. Creditor's secured claim consists of approximately $41,097.43 in pre-petition arrears, however, the Plan fails to provide for the cure of those arrears. Debtor will have to increase their monthly payment through the Chapter 13 Plan to Creditor by approximately $1,141.60 in order to cure Creditor's pre-petition arrears over a period not to exceed thirty-six (36) months. That is especially true where, as is the case here, the Property is the Debtor's primary residence and so cannot be modified pursuant to 11 U.S.C. §1322(b)(2). As the Plan fails to promptly cure Creditor's pre-petition arrears, it cannot be confirmed as proposed.

B. **THE PLAN FAILS TO PROVIDE FOR ONGOING POST-PETITION PAYMENTS.**

Section 1322(b)(5) of the Bankruptcy Code provides for the maintenance of post-petition payments on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. 11 U.S.C. § 1322(b)(5). Here, the loan relating to Creditor's secured claim matures December 1, 2048, which is after the term of the Plan, yet the Plan fails to properly provide for ongoing post-petition payments as it provides that the Debtor will sell the Subject Property by May 30, 2022. However, a potential sale of the property is not guaranteed, and failure to maintain post-petition payments leaves Creditor without adequate protection while the plan is pending. As the Plan fails to provide for the maintenance of post-petition payments on Creditor's secured claim, it cannot be confirmed as proposed.

C. **THE CHAPTER 13 PLAN IS INFEASIBLE.**

Pursuant to 11 U.S.C. section 1325(a)(6), a Court shall not confirm a plan unless the debtor will be able to make all payments under the plan. Schedule J indicates that the Debtor has disposable income of -$326.85 per month. However, the Debtor proposes to apply $145.00 per month to their Chapter 13 Plan. Moreover, as previously indicated, Debtor will have to increase their monthly payment by approximately $1,141.60 to cure Creditor's pre-petition arrearages, notwithstanding ongoing monthly payments, suggesting the Debtor has insufficient monthly income to fund the Plan and properly provide for Creditor's secured claim. Accordingly, the Plan does not have a reasonable likelihood of success and cannot be confirmed as proposed.

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be feasible and to provide adequate protection to this Creditor. As it fails to do so, it is respectfully requested that Confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

/././

3

WHEREFORE, Creditor prays as follows:

1. That confirmation of the proposed Chapter 13 Plan be denied;
2. For attorney's fees and costs incurred herein;
3. For such other and further relief as this Court deems just and proper.

DATED this 8th day of November, 2021.

                                 **TIFFANY & BOSCO, P.A.**

                                 By /s/ Stacy H. Rubin, Esq.
                                 **STACY H. RUBIN, ESQ.**
                                 Attorney for Secured Creditor
                                 10100 W. Charleston Boulevard, Suite 220
                                 Las Vegas, NV 89135

**TIFFANY & BOSCO, P.A.**
Krista J. Nielson, Esq.
Nevada Bar No. 10698
Stacy H. Rubin, Esq.
Nevada Bar No. 9298
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB File No. 21-71703

Attorneys for *Secured Creditor* Guild Mortgage Company LLC

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | BK Case No.: 21-50695-nmc |
| CAROLINA FLORES TT, | Chapter 13 |
| Debtor, | **CERTIFICATE OF SERVICE** |

### **CERTIFICATE OF SERVICE**

1. On this 8th day of November, 2021, I served the following documents:

**OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN**

2. I caused to be served the above-named document by the following means to the persons as listed below:

   X  **a. ECF System**

      Kevin A. Darby
      kevin@darbylawpractice.com
      Attorney for Debtor

      William A. Van Meter
      ECF@reno13.com
      Trustee

5

X  b. **United States mail, postage fully prepaid:**

    Kevin A. Darby
    4777 Caughlin Pkwy
    Reno, NV 89519
    Attorney for Debtor

    Carolina Flores TT
    429 15th Street
    Sparks, NV  89431
    Debtor

**I declare under penalty of perjury the foregoing is true and correct.**

DATED this 8th day of November, 2021.

By:   /s/ Michelle Benson