WILLIAM A. VAN METER, ESQ.
Nevada State Bar No. 2803                                          Electronically Filed on:  November 18, 2021
P.O. Box 6630
Reno, Nevada 89513
Telephone:  (775) 324-2500

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:                                                          CASE NO. 21-50695-BTB
                                                                CHAPTER 13
CAROLINA FLORES TT,

                                                                **TRUSTEE'S OBJECTIONS TO**
         Debtor.                                                **CONFIRMATION OF CHAPTER 13 PLAN**

                                                                Hearing Date:  12/09/2021
                                                                and Time:          3:00 pm
                                                           /    (Time Required – 1 minute)

The Trustee objects to confirmation of the Debtor(s) Chapter 13 Plan or any Amended Plan to the extent the proposed Plan contains provisions inconsistent with the provisions of 11 U.S.C. §1322 or to the extent the requirements of 11 U.S.C. §1325 have not been satisfied.  In connection with plan confirmation, the Trustee requests that the court determine that the Debtor has complied with 11 U.S.C. § 521(a)(1) and, that the automatic dismissal provisions of 11 U.S.C. § 521(i) do not apply.

The Trustee raises the following additional confirmation issues that are checked below:

__X__  The Debtor(s) projected Disposable Income during the applicable Commitment Period is not applied to make payments to unsecured claims in this case.  11 U.S.C. §§1325(b)(1)(B) & (b)(2).  Based on the supporting documentation provided to the Trustee and the Trustee's review of the Debtor's form B22C and Schedules I and J, the Debtor(s) has miscalculated their Current Monthly Income as defined by 11 U.S.C. § 101(10A) and their disposable income as defined by 11 U.S.C. § 1325(b)(2).

__X__  The Plan does not provide for all scheduled administrative, secured and priority claims and/or the proposed Plan payments are not adequate to provide for full payment of all administrative, secured and priority claims.  11 U.S.C. §1322(a).
         **IRS Priority $12,233.97**
         **Guild Mortgage Arrears $41,097**

__X__  The Plan does not satisfy the good faith requirements of 11 U.S.C. §1325(a)(3) and/or (a)(7).

__X__   **Other.  The Trustee does not believe that the Debtor will be able to carry out the plan. 11 U.S.C. § 1325(a)(6). The calculation of Debtor's income resulted in an under the median income level with a negative DMI on Schedules I and J of <-$326.85>.  The Plan proposes 36 payments of**

**$145.00. The Trustee requests that the Debtor provide documentation prior to confirmation supporting the Debtor's ability to fund the plan. Additionally, the Trustee requests that the Debtor present evidence establishing that the plan has been proposed in good faith.**

**__X__ The Debtor's plan does not appear to satisfy the requirements of 11 U.S.C. §1322, and technically proposes to modify the mortgage to cure and maintain the property through a sale within a 6-month period. The Plan (Sec. 9.2) proposes to pay off the secured debt owed to the mortgage lender from the sale of the Debtor's residence, with no payments to secured creditors until the property can be sold.**

**Absent a showing of good cause, LR 3015(g)(1) mandates conduit payments under these circumstances. The Debtor should present evidence establishing good cause for being excused from the mandatory conduit payment requirement.**

__X__ Other. The Trustee requests the following additional documentation:
**Income from Air BNB (if applicable)**
**Proof of ongoing mortgage payments (if any)**

DATED:  November 18, 2021                                /S/ WILLIAM A. VAN METER
                                                                                    William A. Van Meter, Trustee

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Bankr. P. 9014, 7004 and Fed. R. Civ. P. 4(g), I Candice Walker hereby swear under penalty of perjury that I am over the age of 18, not a party to the within action, and that on November 18, 2021, I Electronically Filed the attached **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** and that upon the filing of the document I anticipate that the Bankruptcy Court will thereafter generate a Notice of Electronic Filing and electronically transmit the document to:

Dated:  November 18, 2021

/S/ Candice Walker
Candice Walker

TRICIA M. DARBY, ESQ.
DARBY LAW PRACTICE, LTD.
4777 CAUGHLIN PARKWAY
RENO, NV 89519

CAROLINA FLORES TT                          Served by First Class Mail
429 15TH STREET
SPARKS, NV 89431